UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST GERARD JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO COUNTY SHERIFF'S FOOD SERVICE (ARAMARK),<br><br>Defendants. | No.  2:13-cv-2067 KJN P<br><br><br><br><br>ORDER |

Plaintiff is a Solano County jail detainee proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4      The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.
19      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's complaint is no more than a partial completion of the form used by this district, together with a civil cover sheet.  No underlying facts are provided; the court is unable to ascertain the alleged unconstitutional conduct, the alleged actors, or plaintiff's alleged injury.  Together these documents appear to indicate only that plaintiff seeks to sue Aramark Food Service and its employees for "indifference of Title 15 Food Req."  Plaintiff seeks $50,000 in damages.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 24, 2013

/ jack2067.14.new

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11 | FORREST GERARD JACKSON, | No. 2:13-cv-2067 KJN P
12 | Plaintiff, |
13 | v. |
14 | SOLANO COUNTY SHERIFF'S FOOD SERVICE (ARAMARK), | NOTICE OF AMENDMENT
15 | Defendant. |
16
17   Plaintiff hereby submits the following document in compliance with the court's order
18 filed_____.
19
20   _____        Amended Complaint
21
22 _____   _____
   Date                              Plaintiff
23
24
25
26
27
28

5